UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES FRANK LOWERY,

    Petitioner,

    v.

DARREN SWENSEN,

    Respondent.

Case No.C06-5112 RBL/KLS

ORDER DENYING PLAINTIFF'S MOTION FOR AN EVIDENTIARY HEARING

    This matter has been assigned to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the court is Plaintiff's motion for an evidentiary hearing on his habeas corpus petition. (Dkt. # 14). Having reviewed the motion, response, and the balance of the record, the court finds that the motion should be denied.

## DISCUSSION

    Petitioner filed a habeas corpus petition challenging his 2002 convictions by guilty plea for first degree burglary, first degree theft, theft of a firearm, and trafficking in stolen property. Petitioner raises the following four grounds for relief: (1) ineffective assistance of counsel as to the guilty plea; (2) insufficient evidence to support the conviction of theft and use of a firearm; (3) an improper shift of the burden of proof to petitioner violating due process, and (4) violation of the

ORDER - 1

right to a jury trial in light of <u>Blakely</u>.

      A.      <u>Standard</u>

A petitioner who fails to develop the factual basis of a claim in state court is not entitled to an evidentiary hearing unless the claim relies on:

      (i)    A new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

      (ii)   A factual predicate that could not have been previously discovered through the exercise of due diligence; and

      (B)   The facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense . . . .

28 U.S.C. § 2254(e)(2).

The decision to hold a hearing is committed to the court's discretion. <u>Williams v. Woodford</u>, 306 F.3d 665, 688 (9th Cir. 2002). A hearing is not required unless the petitioner "alleges facts which, if proved, would entitle him to relief." <u>Townsend v. Sain</u>, 372 U.S. 293, 312 (1963). A hearing is not required if the claim presents a purely legal question or may be resolved by reference to the state court record. <u>Campbell v. Wood</u>, 18 F.2d 662, 679 (9th Cir. (en banc), <u>cert. denied</u>, 511 U.S. 1119 (1994).

      B.      <u>Analysis</u>

Petitioner was given an opportunity to develop a factual record in support of his first claim when the state court conducted a hearing on petitioner's motion to withdraw his guilty plea. Petitioner was unable to develop a factual record sufficient to support his claim. Petitioner cannot satisfy the strict requirements of 28 U.S.C. § 2254(e)(2), which require either a new retroactive rule of constitutional law, a factual predicate incapable of previous discovery, and facts sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found petitioner guilty. Petitioner is, therefore, not entitled to an evidentiary hearing on this claim.

ORDER - 2

Petitioner is also not entitled to an evidentiary hearing on his second and third claims. Petitioner waived these claims when he plead guilty. A guilty plea serves as a defendant's "consent that judgment of conviction may be entered without a trial." United States v. Boce, 488 U.S. 563, 569-72 (1989); Brady v United States, 379 U.S. 742, 748 and 756-57 (1970). Any challenges based upon the sufficiency of the evidence and burden of proof, even if not procedurally barred as argued by respondent, were waived by petitioner when he entered a guilty plea.

Finally, Petitioner's fourth claim raises only an issue of law that may be decided on the existing state court record.

## CONCLUSION

Accordingly, it is **ORDERED** that Petitioner's motion for an evidentiary hearing (Dkt. # 14) is **DENIED**.

DATED this 13th day of June, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3